JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES RUTHERFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>BEN'S EQUITY LLC and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.: SACV 21-00659-CJC(JDEx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS ACTION WITHOUT PREJUDICE PURSUANT TO FRCP RULE 41(a)(2) [Dkt. 26]** |

## I. INTRODUCTION

On April 9, 2021, Plaintiff James Rutherford filed this action against Defendants Ben's Equity, LLC and unnamed does, alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act ("Unruh"). (Dkt. 1 [Complaint].) On April 20, 2021, this Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh claim, informing Plaintiff he was free to pursue that

cause of action in state court. (Dkt. 11 [Order Declining to Exercise Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim].) Plaintiff now moves to voluntarily dismiss without prejudice his ADA claim pursuant to Federal Rule of Civil Procedure 41(a)(2) so that he may pursue both his ADA claim and Unruh claim in state court. (Dkt. 26 [hereinafter "Mot."].) Defendant opposes the motion because Plaintiff seeks the voluntarily dismissal without prejudice instead of with prejudice. (Dkt. 27 [hereinafter "Opp."].) For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II.  ANALYSIS

Federal Rule of Civil Procedure Rule 41(a)(2) allows plaintiffs to request a court order dismissing their case when, as here, a defendant has already served an answer to the complaint. Fed. R. Civ. P. 41(a)(2). Whether to grant Plaintiff's Motion for Voluntary Dismissal rests in the Court's sound discretion. *See Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980). The determination of whether dismissal is with or without prejudice is also discretionary on the part of the court. *See WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011) (citing *Romoland Sch. Dist. v. Inland Empire Energy Ctr. LLC*, 548 F.3d 738, 747–51 (9th Cir. 2008)). When exercising its discretion, the Court must bear in mind that Rule 41(a)(2) exists chiefly to protect defendants against plaintiffs manipulating dismissal to defendants' detriment. *See Westlands Water Dist. v. United States*, 100 F.3d 94 (9th Cir. 1996). A court should permit a plaintiff to dismiss an action under Rule 41(a)(2) unless the defendant will suffer some "plain legal prejudice" as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Courts often deny motions for voluntary dismissal when it appears that the motion is made to avoid an imminent adverse ruling. *See Maxum*

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 23, 2022, at 1:30 p.m. is hereby vacated and off calendar.

*Identity Ins. Co. v. A-1 All American Roofing Co.*, 299 Fed. Appx. 664, 666 (9th Cir. 2008); *Infa-Lab, Inc. v. KDS Nail Int'l*, 2009 WL 161197, at *2 (E.D. Cal. Jan. 22, 2009) ("[D]ismissal at this late stage of the litigation would improperly circumvent [defendant's] pending dispositive motion."); *White v. Donley*, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008) ("[T]he mere temporary avoidance of a claim-dispositive motion is not a legitimate reason to seek dismissal of those claims without prejudice; indeed, the avoidance of an adverse ruling is an abusive reason to seek dismissal.").

Plaintiff represents to the Court that he wishes to pursue both his ADA claim and Unruh claim in state court to avoid having to prosecute both claims in separate courts in two separate lawsuits. (Mot. at 3–4.) Defendant does not oppose dismissing Plaintiff's ADA claim but insists that the dismissal must be with prejudice because Defendant will suffer "plain legal prejudice" if Plaintiff simply re-files his case in federal court. (Opp. at 5–6.) Defendant also insists a dismissal without prejudice would be prejudicial because Plaintiff's case has been pending for over a year and Defendant has incurred great effort and expense in defending against this action, including (1) retaining counsel; (2) retaining ADA experts; (3) researching the law at issue; (4) attending a mediation in this matter; and (5) researching Plaintiff's serial litigation and his law firm's involvement in ADA claims. (*Id.* at 6–7.)

Defendant fails to identify any true "plain legal prejudice" it will suffer should the Court dismiss this action without prejudice. The Ninth Circuit has defined legal prejudice as "prejudice to some legal interest, some legal claim, [and] some legal argument." *Wetlands Water Dist*, 100 F.3d at 97. Legal prejudice may occur when "a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* None of those concerns are present here. Nor is Defendant's expense and effort in defending against Plaintiff's ADA claim worthless. Should Plaintiff file his action in state Court, Defendant's efforts to evaluate

Plaintiff's claim will surely be applicable in the state court action. Defendant will also have the same rights and defenses available to it in state court as it would in a federal forum. The Court therefore sees no legal reason to deny Plaintiff's motion.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for voluntary dismissal without prejudice is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

DATED:  May 19, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE